Brinkerhoff, J.
On the 20th of March, 1865, Woodbury & Co. recovered judgment, in the Marion county common pleas, against Hiram Tyler, for 1953.23, and costs of suit. On the 22d of the same month execution issued on this judgment, directed to Samuel H. Berry, the sheriff of said county, and which came to his hands on .the same day.
Under the provisions of section 448 of the code of civil procedure, it was his duty to return the execution to the court within sixty days from its date. This ho neglected to do; and he also failed to cause the same to be levied on real estate of Tyler within his county, and well known to him', as he ought to have done; and for both of these ■delinquencies he became liable to amercement, on motion, in the ■court from which the'writ issued, in the amount of the debt, dam.-ages, and costs, with ten per cent, thereon, for the benefit of the plaintiff in execution.
On the 31st of August, 1865, Woodbury & Co. filed in the Marion .common pleas their motion to amerce the sheriff for the causes .aforesaid, and on the same day served on him notice of thó motion, .and that the motion would be heard on the 4th of September, ensuing, or as soon thereafter as counsel could be heard, said 4th of '.September being the day on which the court regularly convened.
On the hearing of the motion the sheriff appeared in person and *460, 461 by counsel, and resisted the motion on the ground, among other 460] things, of the alleged insufficiency of the notice ^thereof, but four days’ notice of the motion haying been given, whereas, it was-contended, that by the provisions of section 455 of the-code fifteen days’ notice of such motion was required. The court, however, overruled this objection to the proceeding, and gave judgment-against the sheriff for the amount prescribed by the statute.
The rulings of the common pleas on this point having been duly excepted to, the sheriff, Bei-ry, prosecuted a petition in error in the-district court, which, at its August term, 1866, reversed the judgment of the common pleas; and it is to reverse this judgment of reversal and to affirm the judgment of the common pleas, that this-petition in error is prosecuted.
The only question in the case necessary for us to pass upon is this: Did the statute then in force require fifteen days’ notice of the motion to amerce, or was the four days’ notice which was given sufficient?
The only provisions of the statutes in force at the time the motion to amerce was made, which have or are supposed to have a bearing; on the question, are original sections 451 and 455 of the code of civil procedure; and in order that they maybe seen and read together; they are here given:
Sec. 451. “If any sheriff or other officer shall refuse or neglect-to execute any writ of execution to him directed, which has come to his hands; or shall neglect or refuse to sell any goods and- chattels, lands and tenements; or shall neglect to call an inquest, and return a copy thereof to the clerk’s office ; or shall neglect to return any writ of execution to the proper court, on or before the-return day thereof; or shall neglect to return a just and perfect-inventory of all and singular the goods and chattels by him taken in execution, unless the said sheriff or other officer shall return that, he has levied and made the amount of the debt, damages, and costs; or shall refuse or neglect, on demand, to pay over to the-plaintiff, his agent, or attorney of record, all moneys bjr him collected or received by him, for the use of said party, at anytime-461] after collecting or receiving the same, *except as provided in section four hundred and thirty-seven; or shall neglect or refuse,, on demand made by the defendant, his agent or attorney of record,, to pay over all moneys by him received for any sale made, beyond" what is sufficient to satisfy the writ or writs of execution, with in- *462 Merest and legal costs; such sheriff or other officer shall, on motion in court and, two days’ notice thereof in writing, be amerced in the .-amount of said debt, damages, and costs, with ten per cent, thereon, to and for the use of said plaintiff or defendant, as the case may be.”
Sec. 455. “No sheriff shall forward by mail any money, made ■on any such execution, unless he shall be specially instructed to do it, by the plaintiff, his agent or attorney of record. In all cases of ■a motion to amerce a sheriff or. other officer of any county from which the execution issued, notice in writing shall be given to such officer, as .hereinbefore required, by leaving it with him or at Ms office, at least fifteen days before the first day of the term at lohich such motion shall he made, or by transmitting the notice by mail at least sixty days prior to the first day of the term at which such motion shall be made. All amercements, so procured, shall be entered on the record of the court, and shall have the same force and effect as a judgment.”
It will be seen that section 451 provides generally, that “ any .sheriff or other officer” guilty of any of .the delinquencies enumerated, may be amerced on motion, and “ two days’ notice thereof in writingand then section 455 comes in and provides for an exceptional case, to wit, the case of a “ sheriff or other officer of any ■county from which the execution issued." Now it certainly is difficult, if not impossible, to find any reason why an officer sought to be amerced by motion in the court of his own county, should be thus favored in the matter of notice, while, on the other hand, the ■circumstances of the case to be provided for, seem to require that the non-resident Officer ought to be thus favored. These considerations, and a comparison of the provisions of these sections of the ¡statute, as they stand with those of the statute which was superseded and repealed by the code of civil procedure, not only suggest the conjecture, but convince us of the fact, that the words, Mother than the county, or some equivalent phrase, must have [462 been, by accident or oversight of the draftsman of the bill to establish a code of civil procedure, or of the clerk who engrossed it, ■omitted before the words " from which the execution issued ” in .section 455. But, notwithstanding all this, ita lex scrvpta est. The language as it stands is clear, explicit, and unequivocal. It leaves no room for interpretation, for nothing in the language employed is doubtful. "We are satisfied, by considerations outside of the language, that the legislature intended to enact something very different *463 from what it did enact. But it did not carry out its intention; and we can not take the will for the deed. It is our legitimate function to interpret legislation, but not to supply its omissions.
" When the law is clear and explicit, and its provisions are susceptible of but one interpretation, its consequences, if evil can only be avoided by a change of the law itself, to be effected by legislation, and not judicial action. Where a law is plain and unambiguous, whether it bo expressed in general or limited terms, the legislature should be intended to mean what they have plainly expressed,, and consequently nó room is left for construction.” Sedgwick on Statutory and Constitutional Law, 231.
Courts “ must not, even in order to give effect to what they may suppose to be the intention of the legislature, put upon the provision, of a statute a construction not supported by the words, even although the consequences should be to defeat the object of the act.” Smith’s-Com. on Statutory Construction, sec. 714.

Judgment affirmed.

Day, C. J., and Scott, Welch, and White, JJ., concurred.